PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* MARCELINO LAUREANO, Defendant and Appellant.

No. 2455. Argued April 15, 1925.—Decided April 28, 1925.

1. CARRYING ARMS—SIMPLE OFFENSE—EXCESSIVE PENALTY.—When an information charges a simple offense unaccompanied by any allegation tending to show that it was aggravated the imposition of the maximum penalty is not justified if the defendant pleads guilty and no evidence is examined.

District Court of Arecibo, Enrique Lloreda, J. Judgment convicting the defendant of the offense of carrying arms. *Modified and affirmed.*

*Francisco Cervoni* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The District Attorney of Arecibo filed an information in the district court which reads in part as follows:

"The said defendant, Marcelino Laureano, on November 29th, 1924, in McKinley Street of Manatí, which forms part of the judicial district of Arecibo, Porto Rico, then and there wilfully, unlawfully, maliciously, feloniously, and without being duly authorized carried on his person a Smith revolver, a weapon with which bodily injury may be caused. That the defendant was not carrying the said weapon by reason of or for use in sport or in his profession or occupation."

When the case was called for trial the defendant withdrew his plea of not guilty and pleaded guilty. The court forthwith sentenced him to six months in jail and payment of the costs. The defendant appealed to this court and the only question raised in his brief is that the penalty imposed is excessive.

[1] The matter of carrying weapons was regulated by sections 540 to 552 of the Penal Code adopted in 1902 (Code of 1902, p. 607). An offense of the kind charged in the information quoted was penalized by section 549 with a fine of from five to fifteen dollars, or imprisonment for not less than thirty days, or both penalties in the discretion of the court. In 1905 the Legislature passed an act (Laws of 1905, p. 17) which covered the whole matter and substituted the said sections of the Penal Code. The penalty for its violation was fixed at a fine of not less than five dollars nor more than fifty dollars, or imprisonment not less than ten days nor more than sixty days, or both. In 1908 the Act of 1905 was amended, but the penalties were not changed. Comp. 1911, secs. 5994 to 6003.

In 1924, in view of the large number of crimes that were being committed on the Island, due to a great extent

to the possession of prohibited arms, the Legislature enacted the law which the District Court of Arecibo applied in this case, or Act No. 14 of 1924, Laws of 1924, page 114.

Section 1 of that Act reads as follows:

"That any person unlawfully carrying any arm or instrument with which bodily injury may be caused, shall be punished by imprisonment for a term of from one to six months."

There is no doubt, therefore, of the authority of the trial court to impose a sentence of imprisonment for six months, but the appellant contends that as the law had been enacted recently and he pleaded guilty to a charge that contained no element indicating that it was not a simple violation of the law, the court abused its discretion in imposing upon him the maximum penalty.

After weighing the evidence and determining from it the circumstances of the particular case submitted to its consideration, in very few instances has this court, in the exercise of its authority under section 364 of the Code of Criminal Procedure, modified the judgments in criminal cases by reducing the sentences on the ground that they were excessive.

We have no evidence before us, because none was introduced, the defendant having pleaded guilty. We have only the information filed in the district court and the fact is that from it there appears nothing which tends to aggravate the offense committed. An ordinary act is charged and it is our opinion that in such a case the maximum penalty is not justified. A middle temperament should be adopted.

By adopting this and sentencing the defendant to three months in jail he is being sentenced to one month more than the maximum under the statute in force until a few months before the offense was committed, and the purpose of the Legislature is attained.

The judgment is modified so as to reduce the sentence from six to three months in jail and affirmed as modified.

Mr. Justice Aldrey dissented.